UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on May 7, 2019

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL  NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| WILBER VIGIL-BENITEZ, | : | VIOLATIONS: |
| also known as "Solitario," | : | 18 U.S.C. § 371 |
| | : | (Conspiracy to Commit an Offense |
| Defendant. | : | Against the United States) |
| | : | 18 U.S.C. § 922(a)(1)(A) |
| | : | (Engaging in the Business of Dealing in |
| | : | Firearms Without a License) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm by a |
| | : | Person Convicted of a Crime Punishable |
| | : | by Imprisonment for a Term Exceeding |
| | : | One Year) |
| | : | 18 U.S.C. § 922(g)(1) |
| | : | (Unlawful Possession of a Firearm and |
| | : | Ammunition by a Person Convicted of a |
| | : | Crime Punishable by Imprisonment for a |
| | : | Term Exceeding One Year) |
| | : | |
| | : | FORFEITURE: 18 U.S.C. § 924(d); |
| | : | 21 U.S.C. § 853(p) and 28 U.S.C. § 2461(c) |
| | : | |
| | : | UNDER SEAL |

INDICTMENT

The Grand Jury charges that:

COUNT ONE

1.     Beginning in or about September 2017, the exact date being unknown to the Grand

Jury, and continuing through at least July 14, 2018, in the District of Columbia and elsewhere,

WILBER VIGIL-BENITEZ, also known as "Solitario," Co-Conspirator 1 ("CC-1"), and others

known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree together and with other persons, to commit certain offenses against the United States, to wit: engaging in the business of dealing firearms and, in the course of such business, shipping, transporting, and receiving firearms in interstate commerce, in violation of Title 18, United States Code, Section 922(a)(1)(A).

## GOAL OF THE CONSPIRACY

2.      The goal of the conspiracy was to obtain firearms through various means and resell the firearms for a profit within the District of Columbia and elsewhere.

## MANNER AND MEANS TO ACCOMPLISH THE CONSPIRACY

3.      The manner and means by which this conspiracy was carried out included the following:

4.      At all times listed in paragraph one, **WILBER VIGIL-BENITEZ** lived in the State of Maryland.

5.      At all times listed in paragraph one, **WILBER VIGIL-BENITEZ** was a member of the Delicias Locos Salvatrucha Clique of La Mara Salvatrucha, commonly referred to as MS-13.

6.      At all times listed in paragraph one, CC-1 was an MS-13 associate.

7.      **WILBER VIGIL-BENITEZ**, having been previously convicted of a crime punishable by more than one year in prison, was prohibited from possessing firearms and from purchasing firearms directly from Federally Licensed Firearms Dealers.

8.      Throughout the course of the conspiracy, **WILBER VIGIL-BENITEZ** obtained firearms from CC-1 and others known and unknown.

9.     On multiple occasions, **WILBER VIGIL-BENITEZ** discussed purchasing firearms from CC-1 or causing CC-1 to purchase firearms on **WILBER VIGIL-BENITEZ's** behalf.

10.     On at least one occasion, **WILBER VIGIL-BENITEZ** discussed acquiring a firearm for another MS-13 member.

11.     On multiple occasions throughout the conspiracy, **WILBER VIGIL-BENITEZ** traveled from his residence in the State of Maryland into the District of Columbia in order to illegally resell firearms for profit.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

12.     In furtherance of the conspiracy, and in order to effect the objects thereof, **WILBER VIGIL-BENITEZ, CC-1**, and others known and unknown to the Grand Jury, in various combinations, directly and indirectly, within the District of Columbia and elsewhere, committed overt acts, including, but not limited to, the following:

    a.   On or about September 13, 2017, **WILBER VIGIL-BENITEZ** illegally sold firearms, namely, a Mossberg Int., Model 715T, .22 caliber rifle and a Arminius, .38 special caliber revolver in exchange for $700.00.

    b.   On or about September 19, 2017, **WILBER VIGIL-BENITEZ** illegally sold firearms and ammunition, namely, a Jimenez Arms Inc., Model UA, .9mm semi-automatic pistol, a Taurus PT111, G2, .9mm semi-automatic pistol, 125 rounds of .22 caliber ammunition, 50 rounds of .38 special caliber ammunition, 16 rounds of .9mm ammunition, and one extended .9mm magazine, in exchange for $1,350.00.

c.  On or about September 21, 2017, **WILBER VIGIL-BENITEZ** illegally sold a firearm, that is, a Ruger, Model AR 556, 5.56 caliber assault rifle in exchange for $2,550.00.

d.  On or about November 13, 2017, **WILBER VIGIL-BENITEZ** illegally sold a loaded firearm, that is, a Taurus Millennium, Model G2 PT140, .9mm semi-automatic pistol loaded with four rounds of ammunition and a Ruger, Model LC9, .9mm semi-automatic pistol with an attached laser sight in exchange for $1,500.00.

e.  On or about December 31, 2017, **WILBER VIGIL-BENITEZ** illegally sold a firearm, that is, a Ruger, Super Blackhawk, .44 magnum revolver with an attached Leupold Scope in exchange for $1,000.00.

f.  On or about February 24, 2018, **WILBER VIGIL-BENITEZ** illegally sold a firearm, that is, a Taurus, Model PT809, .9mm semi-automatic pistol and two loaded firearm magazines in exchange for $700.00.

g.  On or about April 24, 2018, **WILBER VIGIL-BENITEZ** illegally sold a loaded firearm, that is, a Taurus, Model PT840, .40 caliber semi-automatic pistol loaded with 12 rounds of ammunition in exchange for $600.00.

h.  On or about June 3, 2018, **WILBER VIGIL-BENITEZ** illegally sold loaded firearms, that is, a HI POINT, Luger Model C-9, .9mm semi-automatic pistol loaded with three rounds of ammunition and a Springfield Armory, 5A-XP, .40 caliber semi-automatic pistol loaded with seven rounds of ammunition, in exchange for $1,425.00.

i.  On or about June 15, 2018, **WILBER VIGIL-BENITEZ** discussed purchasing a .9mm firearm from CC-1. **WILBER VIGIL-BENITEZ** asked CC-1 for a price

and asked about the weapons ammunition capacity. CC-1 informed **WILBER VIGIL-BENITEZ** that **WILBER VIGIL-BENITEZ** could purchase the firearm for $375.00 or $350.00.

j.  On or about June 23, 2018, **WILBER VIGIL-BENITEZ** informed another member of the Delicias Locos Salvatrucha Clique of MS-13 that CC-1 had a .9mm firearm for sale for $400.00. **WILBER VIGIL-BENITEZ** offered to travel to CC-1's location on this member's behalf and purchase the firearm for the MS-13 member if the MS-13 member gave **WILBER VIGIL-BENITEZ** $400.00 for the firearm.

k.  On or about June 30, 2018, CC-1 informed **WILBER VIGIL-BENITEZ** that he had access to a new Colt firearm if **WILBER VIGIL-BENITEZ** wanted to purchase the firearm.

l.  On or about June 30, 2018, CC-1 and **WILBER VIGIL-BENITEZ** discussed firearms CC-1 possessed for sale.

m.  On or about July 14, 2018, CC-1 and **WILBER VIGIL-BENITEZ** discussed the acquisition of a .9mm and .40 caliber firearm.

(**Conspiracy to Commit an Offense Against the United States**, in violation of Title 18, United States Code, Section 371)

## COUNT TWO

The allegations in Count One of this Indictment are realleged and incorporated as if fully set forth herein.

From in or around September 2017 and continuing through at least in or around July 14, 2018, in the District of Columbia and elsewhere, **WILBER VIGIL-BENITEZ**, also known as "Solitario," not being a licensed dealer of firearms within the meaning of Chapter 44, Title 18,

United States Code, did willfully engage in the business of dealing in firearms, in violation of Title 18, United States Code, Sections 922(a)(1)(A), 923(a), and 924(a)(1)(D).

(**Engaging in the Business of Dealing in Firearms without a License,** in violation of Title 18, United States Code, Section 922(a)(1)(A))

## COUNT THREE

On or about September 13, 2017, within the District of Columbia, **WILBER VIGIL-BENITEZ**, also known as "Solitario," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the State of Maryland, Montgomery County District Court, Criminal Case No. 5D00353960, did unlawfully and knowingly receive and possess firearms, namely, a Mossberg Int., Model 715T, .22 caliber rifle and an Arminius, .38 special caliber revolver, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT FOUR

On or about September 19, 2017, within the District of Columbia, **WILBER VIGIL-BENITEZ**, also known as "Solitario," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the State of Maryland, Montgomery County District Court, Criminal Case No. 5D00353960, did unlawfully and knowingly receive and possess firearms, namely, a Jimenez Arms Inc., Model UA, .9mm semi-automatic pistol and a Taurus, PT111 G2, .9mm semi-automatic pistol, and did unlawfully and knowingly receive and possess ammunition, namely, .22 caliber ammunition, .38 special caliber ammunition, and .9mm

ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT FIVE

On or about September 21, 2017, within the District of Columbia, **WILBER VIGIL-BENITEZ**, also known as "Solitario," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the State of Maryland, Montgomery County District Court, Criminal Case No. 5D00353960, did unlawfully and knowingly receive and possess a firearm, that is, a Ruger, Model AR 556, 5.56 caliber assault rifle, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

**(Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT SIX

On or about November 13, 2017, within the District of Columbia, **WILBER VIGIL-BENITEZ**, also known as "Solitario," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the State of Maryland, Montgomery County District Court, Criminal Case No. 5D00353960, did unlawfully and knowingly receive and possess firearms, namely, a Taurus Millennium, Model G2 PT1 40, .9mm semi-automatic pistol and a Ruger, Model LC9, .9mm semi-automatic pistol, and did unlawfully and knowingly receive

and possess ammunition, that is, .9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

> **(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT SEVEN

On or about December 31, 2017, within the District of Columbia, **WILBER VIGIL-BENITEZ**, also known as "Solitario," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the State of Maryland, Montgomery County District Court, Criminal Case No. 5D00353960, did unlawfully and knowingly receive and possess a firearm, namely, a Ruger, Super Blackhawk, .44 magnum revolver, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

> **(Unlawful Possession of a Firearm by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT EIGHT

On or about February 24, 2018, within the District of Columbia, **WILBER VIGIL-BENITEZ**, also known as "Solitario," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the State of Maryland, Montgomery County District Court, Criminal Case No. 5D00353960, did unlawfully and knowingly receive and possess a firearm, that is, a Taurus, Model PT809, .9mm semi-automatic pistol, and knowingly receive and possess ammunition, that is, .9mm ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

> **(Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## COUNT NINE

On or about April 24, 2018, within the District of Columbia, **WILBER VIGIL-BENITEZ**, also known as "Solitario," knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in the State of Maryland, Montgomery County District Court, Criminal Case No. 5D00353960, did unlawfully and knowingly receive and possess a firearm, that is, a Taurus, Model PT840, .40 caliber semi-automatic pistol, and did unlawfully and knowingly receive and possess ammunition, that is, .40 caliber ammunition, which had been possessed, shipped and transported in and affecting interstate and foreign commerce.

(**Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year**, in violation of Title 18, United States Code, Section 922(g)(1))

## FORFEITURE ALLEGATION

Upon conviction of any of the offenses alleged in Counts One through Nine of this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 924(d) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendants equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property that cannot be subdivided without

difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value

of the property described above, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C.

§ 2461(c).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 924(d), Title 21,
United States Code, 853(p) and Title 28, United States Code, Section 2461(c))

A TRUE BILL:


FOREPERSON.


Attorney of the United States in
and for the District of Columbia.


10